**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 94-5959

CHARLES HOWARD BURNETTE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frank A. Kaufman, Senior District Judge.
(CR-94-249-K)

Submitted: December 19, 1995

Decided: January 30, 1996

Before HALL, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Branch
Chief, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Green-
belt, Maryland; Martin Bahl, Staff Attorney, OFFICE OF THE FED-
ERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Stephen S. Zimmerman,
Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals his sentence imposed for conspiracy and pos-
session of cocaine with intent to distribute. At his sentencing hearing,
the district court made a factual finding that at least 243 kilograms of
cocaine were attributable to the Appellant. Appellant challenges this
finding; we review for clear error, United States v. Goff, 907 F.2d
1441, 1444 (4th Cir. 1990), and affirm.

Our review reveals no clear error. The district court clearly stated
the bases for its finding of drug quantity. It found the figure to be sup-
ported by party submissions and the evidence presented at trial--
including the testimony of two witnesses. These witnesses were for-
mer drug dealers and co-conspirators of the Appellant. They voluntar-
ily turned themselves in to the Drug Enforcement Administration and
participated in the sting operation which led to the arrest and convic-
tion of Appellant. Appellant contends that these two witnesses were
therefore motivated to fabricate stories of a greater quantity of
cocaine in order to impress the Government and receive more favor-
able treatment. Accordingly, he argues that their testimony was inher-
ently unreliable and that the district court was required to conduct a
factual inquiry into their credibility. We reject this argument for two
reasons. First, there is no precedent in this Court establishing such a
requirement. Second, the district court repeatedly and emphatically
stated that it found the witnesses to be both reliable and credible; wit-
ness credibility is not subject to appellate review. See United States
v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989) (stating that witness
credibility is not reviewed in a sufficiency of the evidence challenge).
Having rejected Appellant's argument, we find that the district court's
determination of drug quantity was not clearly erroneous. Therefore,
we affirm Appellant's sentence. We dispense with oral argument
because the facts and legal contentions are adequately presented in the

2

materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

3